UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSEPH G. KUSPER, KATHLEEN KUSPER, and LAVERNE KUSPER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 3:08-CV-583 PPS |
| POLL FARMS, INC., and GORDON POLL, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Gordon Poll and Poll Farms produced hogs on farmland that they leased from Joseph, Kathleen, and Laverne Kusper. The Kuspers are now suing Poll and Poll Farms for two counts of breach of contract, promissory estoppel, and unjust enrichment all relating to the lease of the farmland. Poll and Poll Farms have moved for judgment on the pleadings on two of the counts – one of the breach of contract claims and the unjust enrichment claim. (DE 9.) For the following reasons, the unjust enrichment claim is dismissed but not the breach of contract claim.

### I. BACKGROUND

On April 1, 2000, the Kuspers entered into an agreement with David Pursifull to lease certain farmland and farm buildings to Pursifull for the purpose of producing hogs. (Compl., Ex. A ¶ 1.) Pursifull's obligations under the Lease were guaranteed by Poll Farms via a separate guaranty agreement. (*Id.*, Ex. B.) The term of the original Lease was to run from April 1, 2000 to December 31, 2007, with an option to renew the lease for an additional four years. (*Id.*, Ex. A ¶ 3.) Notably, the Lease contained a provision that "[a]ny amendments to [the] Lease shall be in

1

writing and signed by the Landlord and Tenant"and that "no oral or verbal amendment, express or implied, shall be valid." (*Id.*, Ex. A ¶ 34.)

On December 6, 2000, the Kuspers and Pursifull executed a written amendment to the Lease. (*Id.*, Ex. C.) The First Amendment did three things: (1) it extended the lease term for an additional six months, through June 30, 2008; (2) it reduced the monthly rent from $10,000 monthly to $5,000 monthly for the months of January 2001 through April 2001; and (3) it shifted the dates of Pursifull's four-year renewal option to reflect the six-month extension of the initial lease term. (*Id.*) Then on February 1, 2001, the Pursifull assigned his interests in the lease to Poll and Poll Farms by way of a letter agreement approved by the Kuspers. (*Id.*, Ex. D.)

The Kuspers claim that the Parties entered into a Second Amendment to the Lease on or around May 26, 2005. (*Id.* ¶ 20.) The Second Amendment purports to do the following: (1) retroactively reduce monthly rent payments to $5,000 monthly for the period of May 2001 through December 2003; (2) extend the Lease term through February 28, 2011; and (3) allow Poll to lease a farm house located on the property for an additional $600 per month for the term of the Lease. (*Id.*, Ex. E.) The parties never signed this Second Amendment, but the Kuspers contend both parties performed their obligations pursuant to its terms. (*Id.* ¶ 21.) Specifically, Poll paid the reduced rent payments from May 2001 through December 2003; and the Kuspers accepted these payments based on Poll's later representations that they were operating under the Second Amendment. (*Id.* ¶ 22.)

At some point in 2008 (the exact timing is not clear from the Complaint), Poll decided he was no longer interested raising hogs at the Kuspers' farm yet he didn't vacate the premises, all of which prompted this lawsuit. (*Id.* ¶ 23.) The Complaint was filed in LaPorte Superior Court,

and Defendants removed this case to federal court alleging diversity jurisdiction. The Complaint alleges Poll breached the First Amendment by failing to leave by June 30, 2008 and by failing to pay the full rent from May 2001 to December 2003 (Count One). (Compl. ¶¶ 13-14.) The Kuspers claim alternatively that Poll breached the Second Amendment by failing to continue the lease of the farm through February 2011 (Count Two). (*Id.* ¶ 23.) The Kuspers also assert claims of promissory estoppel (Count Three) and unjust enrichment (Count Four).

## II. DISCUSSION

Defendants seek dismissal of Counts Two and Four of the Complaint.[1] Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. In considering such a motion, I must apply the same legal standards that govern motions to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir 2003). When ruling on a Rule 12(c) motion, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Since this is a diversity action involving state law claims, I must apply the

---

[1] On April 17, 2009, after the instant motion had been fully briefed, the Plaintiffs filed an Amended Complaint adding claims for damage to property and negligence. (DE 23.) Counts One through Four of the Amended Complaint appear to be substantially the same as in the original Complaint. Since Defendants' arguments apply equally to the Amended Complaint, I will address the pending motion for judgment on the pleadings despite the new pleading. *See* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6 FEDERAL PRACTICE & PROCEDURE § 1476 (2d ed., Supp. 2007) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading.").

3

law of the forum state – in this case Indiana – to resolve substantive questions. *Auto. Fin. Corp. v. Smart Auto Ctr., Inc.*, 334 F.3d 685, 688 (7th Cir. 2003).

Polls seeks dismissal of Count Two of the Complaint which deals with the breach of the Second Amendment to the Lease which was never signed by the parties. Poll contends that allowing the Kuspers to proceed on this claim would run afoul of Indiana's statute of frauds. In order to fully understand the issue I must review Indiana's statute of frauds and some Indiana Supreme Court cases with a lot of dust on them.

Like most statutes of fraud, Indiana's version provides that certain contracts are unenforceable unless they are in writing and signed by the party against whom the action is brought. *See* IND. CODE § 32-21-1-1. The requirement that certain contracts be written and signed applies to six categories of contracts, including:

> (4) . . . any contract for the sale of land; [and]
>
> (5) . . . any agreement that is not to be performed within one year from the making      of the agreement.

IND. CODE §§ 32-21-1-1(b)(4), 32-21-1-1(b)(5). But the statute of frauds "does not apply to a lease for a term of not more than three years." IND. CODE § 32-21-1-1(a). Therefore, a lease for more than three years – like the Second Amendment at issue in this case – falls within the statute of frauds, and must be signed and in writing in order to be binding. *See Soroka v. Knott*, 168 N.E. 703, 705 (Ind. App. Ct. 1929).

In Indiana, the doctrine of part performance removes some contracts out of the statute of frauds. *See Coca–Cola Co. v. Babyback's Int'l, Inc.*, 841 N.E.2d 557, 566 (Ind. 2006). The doctrine is based on the rationale that equity will not permit a party who breaches an oral agreement to invoke the statute of frauds where the other party has performed his part of the

agreement to such an extent that repudiation of the contract would lead to an unjust or fraudulent result. *See Spring Hill Dev., Inc. v. Arthur*, 879 N.E.2d 1095, 1104-05 (Ind. App. Ct. 2008). In *Coca-Cola*, the Indiana Supreme Court emphasized that the doctrine of part performance applies to some, but not all, contracts. *See Coca-Cola*, 841 N.E.2d at 566. Importantly, the part performance exception is applicable to actions involving a contract for the sale of land (governed by subsection (b)(4) of the statute), but does not apply to actions involving agreements that cannot be performed within one year (governed by subsection (b)(5) of the statute). *Id.*

This begs the question: does a lease of real property for more than three years fall within subsection (b)(4) or (b)(5) of the statute of frauds? There are persuasive arguments for both. On the one hand, a lease agreement may be broadly considered a "sale of land" because it conveys an interest in real property. Conversely, a lease agreement for a term of multiple years cannot be performed within one year, and would seem to fit within the subsection (b)(5) category of contracts. Fortunately, and for better or worse, the Indiana courts have provided an answer to that question by holding long ago that lease agreements involving real property are sales of land falling under subsection (b)(4) – not subsection (b)(5) – of the statute of frauds. *See, e.g.*, *St. Joseph Hydraulic Co. v. Globe Tissue-Paper Co.*, 59 N.E. 995, 998-99 (Ind. 1901); *Railsback v. Walke*, 81 Ind. 409, 1882 WL 6118 at *2 (Ind. 1882); *Sourbier v. Claman*, 200 N.E. 721, 724-25 (Ind. App. Ct. 1936). Accordingly, the Indiana courts have also held that the doctrine of part performance applies to leases of more than three years. *See id.*

Defendants implore me to find that these cases, in particular *St. Joseph Hydraulic*, do not reflect the current state of Indiana law. In essence, they are asking me to overturn precedent that has been considered good law in Indiana for nearly a century. That's an odd thing to ask a

5

federal judge presiding over a diversity action to do. Perhaps Defendants would have faired better by not removing the case to federal court, thus giving themselves an opportunity to argue for a change in the law through the state court system. But my job is to apply state law as the Indiana Supreme Court announces it and not to modify it as Poll tacitly asks me to do. *See Birchler v. Gehl*, 88 F.3d 518, 521 (7th Cir. 1996).

And in any event, Defendants' arguments are unpersuasive on this point. To make their case, Defendants rely primarily on the Indiana Supreme Court's recent decision in *Coca-Cola* and its much earlier decision in *Wolke v. Fleming*, 2 N.E. 325 (Ind. 1885). In *Wolke*, a landlord invoked the doctrine of part performance to enforce an oral assignment of a ten year lease against the assignee who was in possession of the property. *Wolke*, 2 N.E. at 326. The assignee argued that part performance did not apply because the assignment was a contract that could not be performed in one year. *Id.* The Indiana Supreme Court declined to address whether this provision of the statute of frauds had applicability to contracts conveying an interest in land, but acknowledged previous cases held that it did not. *Id.* at 328. The court ultimately decided the issue on other grounds, but commented "[i]t is difficult to conceive any reason why the doctrine of part performance does not apply to a lease." *Id.* at 329.

In *Coca-Cola*, the Indiana Supreme Court affirmed the well established principle that the doctrine of part performance does not excuse a contract not to be performed in one year from the statute of frauds. *Coca-Cola*, 841 N.E.2d at 566. The contract at issue in *Coca-Cola* was a multi-year marketing agreement, so the court had no opportunity to discuss leases for real property. *See id.* And like *Wolke*, the *Coca-Cola* decision did not overturn precedent holding that leases are considered sales of land under the statute of frauds. Thus *Wolke* and *Coca-Cola*

6

have limited applicability to this case. I am not aware of, nor has Poll presented, any case law overturning *St. Joseph Hydraulic*. Therefore, the Kuspers may rely on the doctrine of part performance to pursue their breach of contract claim as to the Second Amendment to the Lease.

Poll also draws attention to the provision in the Lease that "[a]ny amendments to [the] Lease shall be in writing and signed by the Landlord and Tenant" and that "no oral or verbal amendment, express or implied, shall be valid." (Compl, Ex. A ¶ 34.) This argument is a non-starter because, under Indiana law, a contract can be modified orally even if the original contract requires modifications to be in writing. *See Sees v. Bank One*, 839 N.E.2d 154, 161 (Ind. 2005).

Finally, Poll argues that the Kuspers' unjust enrichment claim must be dismissed because that theory of recovery is inapplicable to this case. Under Indiana law, plaintiffs may recover under the theory of unjust enrichment or quantum meruit if they establish "that a measurable benefit has been conferred on the defendant[s] under such circumstances that the defendant[s'] retention of the benefit without payment would be unjust." *Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009). In this case, the Kuspers claim Defendants accepted the benefit of the reduced rent payments provided in the Second Amendment to the Lease without honoring the condition of this benefit – an obligation to rent the property through February 2011. (Compl. ¶ 33-36.) The problem for the Kuspers is that recovery under the unjust enrichment theory is unavailable where there is an express contract between the parties governing the same subject matter raised in the claim. *Zoeller*, 904 N.E.2d at 221. The parties dispute whether the First Amendment or Second Amendment governs the terms of Poll's tenancy on the Kuspers' property. But there is no dispute that one of these contracts governs the lease terms. Although the federal rules allow for alternative pleading, there is no way the Kuspers will

be able to recovery under quantum meruit in this case. Therefore, the unjust enrichment claim must be dismissed.

## III. CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings [DE 9] is **GRANTED IN PART** and **DENIED IN PART**. Count Four of the Amended Complaint is **DISMISSED**.

**SO ORDERED.**

ENTERED: May 11, 2009.

 s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
